UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|  |  |  |
|---|---|---|
| BRANDON LEE PAWLAK, | : | CASE NO. 1:18-cv-01289 |
|  | : |  |
| Petitioner, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 1] |
| vs. | : |  |
|  | : |  |
| WARDEN SEAN BOWERMAN, | : |  |
|  | : |  |
| Respondent. | : |  |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Brandon Lee Pawlak is presently serving a 35.5-year sentence of incarceration, after an Ohio jury found him guilty on 30 counts, including multiple counts of aggravated robbery and aggravated vehicular assault.[1]

Under 28 U.S.C. § 2254, Pawlak filed a *pro se* petition for a writ of habeas corpus.[2] Warden Bowerman returned.[3]  Petitioner, through counsel, filed a traverse.[4]  After an automatic referral,[5] Magistrate Judge Burke issued a Report and Recommendation, recommending that this Court deny Pawlak's petition.[6]  Petitioner objected to the entire Report and Recommendation.[7]  Therefore, this Court must review it *de novo*.[8]

For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation, and **DENIES** Pawlak's habeas corpus petition.

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 7.
[4] Doc. 17.
[5] Local Rule. 72.2.
[6] Doc. 18.
[7] Doc. 19.  Warden Bowerman never responded to Petitioner's objections.
[8] 28 U.S.C. §636(b)(1)(c).

Case No. 1:18-cv-01289
GWIN, J.

## I.     Background

Petitioner Pawlak was accused, among other things, of crashing a stolen Ford F-250 truck into Dover Gardens Tavern in Westlake, Ohio and injuring 13 bar patrons. Witnesses saw Pawlak driving the stolen truck shortly after it was taken from a nearby golf course.

On July 30, 2015, an Ohio jury found Petitioner guilty on 13 counts of aggravated robbery counts, 13 counts of aggravated vehicular assault, two counts of grand theft, one count of failure to comply with a police officer's order or signal, and one count of breaking and entering. On August 3, 2015, the Ohio trial court sentenced Petitioner to 35.5 years of incarceration.

On August 27, 2015, Petitioner filed a notice of appeal with the Eighth District Court of Appeals. In his appellate brief, Petitioner raised three issues:

> (1) his conviction was against the manifest weight of the evidence and there was insufficient evidence to convict him;[9]
>
> (2) trial counsel was ineffective because he failed to move to suppress evidence obtained during Petitioner's videotaped police interview;[10]
>
> (3) under Ohio law, the trial court erred when it sentenced Pawlak to consecutive sentences.[11]

On September 22, 2016, the Eighth District Court of Appeals affirmed the trial court's judgment.[12]

On November 4, 2016, Petitioner filed a notice of appeal with the Ohio Supreme Court.[13] On April 19, 2017, the Ohio Supreme Court declined to accept jurisdiction.[14]

---

[9] Doc. 7-1 at 54–56.
[10] *Id.* at 57–59.
[11] *Id.* at 59–62.
[12] *Id.* at 96–124.
[13] Doc. 7-1 at 125.
[14] *Id.* at 169.

Case No. 1:18-cv-01289
GWIN, J.

On June 6, 2018, Pawlak filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.[15]  In his petition, Pawlak raised four grounds:

> (1) his conviction was against the manifest weight of the evidence and there was insufficient evidence to convict him;[16]
>
> (2) trial counsel was ineffective because he failed to move to suppress evidence obtained during Petitioner's videotaped police interview and failed to request that the state turn over potentially exculpatory forensic evidence discovered in the truck's driver's area;[17]
>
> (3) under the United States Constitution, the trial court erred when it sentenced Petitioner to consecutive sentences;[18]
>
> (4) the State of Ohio violated Petitioner's rights under the U.S. Constitution when it withheld the potentially exculpatory forensic evidence.[19]

On April 14, 2020, Magistrate Judge Burke issued a Report and Recommendation, recommending this Court deny Pawlak's petition.[20]  On April 28, Petitioner, through counsel, objected to the entire Report and Recommendation.[21]

## II.    Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[22] governs a federal court's review of a state prisoner's habeas corpus petition.  AEDPA limits federal review to a petitioner's claims that he is in custody in violation of the United States' Constitution, laws, or treaties.[23]

---

[15] Doc. 1.
[16] *Id.* at 5–6.
[17] *Id.* at 7.
[18] *Id.* at 8.
[19] *Id.* at 10–12.
[20] Doc. 18.
[21] Doc. 19.
[22] Pub. L. No. 104-132, 110 Stat. 1214 (1996).
[23] 28 U.S.C. § 2254(a).

Case No. 1:18-cv-01289
GWIN, J.

AEDPA prohibits federal courts from granting a habeas petition for any claim that the state court gave a merits decision unless the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[24]

Additionally, before reviewing the merits of a habeas petition claim, a federal court must ensure the claim is not procedurally defaulted. A petitioner procedurally defaults a claim if he fails to comply with an independent state procedural rule.

Most typically, procedural default occurs when a habeas petitioner did not raise the claim in state court and state *res judicata* rules hold that the inmate therefore forfeited any state remedy. Federal habeas law requires petitioners to first exhaust the claim in the state courts.[25] If the petitioner has failed to raise the claim with the state, state *res judicata* rules stop the claim. And if state *res judicata* rules stop the claim, the petitioning inmate fails to exhaust the claim.

In Ohio, if a petitioner "failed to raise a claim on direct appeal, which could have been raised on direct appeal, the claim is procedurally defaulted."[26] Likewise, if a petitioner failed to apply to reopen his direct appeal, a claim that his appellate counsel was ineffective is procedurally defaulted.[27]

To overcome procedural default, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law.[28] "Cause" is a

---

[24] 28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).
[25] *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).
[26] *Id.* (citing *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982)).
[27] *State v. Gumm*, 103 Ohio St.3d 162, 162–63 (Ohio 2004).
[28] *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

Case No. 1:18-cv-01289
GWIN, J.

legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.[29] If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice.[30] A petitioner may also demonstrate a fundamental miscarriage of justice will occur if the claims are not considered; a fundamental miscarriage of justice results from the conviction of one who is "actually innocent."[31]

## III.    Discussion

Petitioner Pawlak objects to Magistrate Judge Burke's recommendation that this Court deny Pawlak's habeas corpus petition as to each ground. The Court considers each of Petitioner's claims below.

### A.    Ground One Fails Because A Manifest Weight-of-the-Evidence Claim Is Not Cognizable on Federal Habeas Review and Petitioner Has Not Met His Burden on His Sufficiency of the Evidence Claim.

Petitioner claims that his conviction was against the manifest weight of the evidence and that there was insufficient evidence to convict him.

#### 1.    Manifest Weight of the Evidence

"A manifest-weight-of-the-evidence claim alleges that that one's conviction violates Ohio law, [therefore,] the claim is noncognizable in federal habeas proceedings."[32] Accordingly, this claim fails.

#### 2.    Sufficiency of the Evidence

On federal habeas review, sufficiency-of-the-evidence claims are subject to two layers of deference.[33] First, the court determines "whether, viewing the trial testimony and exhibits

---

[29] *Castro v. Harris*, No. 1:18-CV-1167, 2018 WL 3829101, at *3 (N.D. Ohio Aug. 13, 2018).

[30] *See Smith v. Murray*, 477 U.S. 527, 532 (1986).

[31] *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

[32] *Hoffman v. Lazaroff*, No. 18-3439, 2018 WL 5849894, *3 (6th Cir. 2018).

[33] *Brown v. Konteh*, 576 F.3d 191, 204–205 (6th Cir. 2009).

Case No. 1:18-cv-01289
GWIN, J.

in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt."[34]  Second, even if the court "conclude[s] that a rational trier of fact could *not* have found [the] petitioner guilty beyond a reasonable doubt. . . [the court] must still defer to the *state appellate court*'s sufficiency determination as long as is not unreasonable."[35]

Petitioner steadfastly maintains he was not the truck driver, but simply a passenger, and argues that the state's evidence was insufficient to establish that he was the driver beyond a reasonable doubt.[36]  But the Ohio Eighth District Court of Appeals disagreed.[37]  After reviewing the record, it found that there was sufficient evidence to show that Petitioner drove the truck into Dover Gardens Tavern.[38]

Likewise, this Court finds, considering the evidence in the light most favorable to the state, that there was sufficient evidence for a rational of trier of fact to conclude that Petitioner crashed the truck into the tavern beyond a reasonable doubt.  As the state appellate court highlighted, there was witness testimony that Petitioner got into the truck,[39] that there was

---

[34] *Brown*, 576 F.3d at 205. (emphasis in original) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).
[35] *Id.* (emphasis in original).
[36] Docs. 1, 17, 19.
[37] Doc. 7-1 at 105.
[38] *Id.*
[39] Doc. 7-3 at 564–64. (Trial Testimony of Johnathan Sterna)
   "Q:  Okay. You said Mr. Pawlak scurried away towards the white service truck?
   A:  Yes.
   Q:  What happened thereafter?
   A:  He hopped into the white service truck and pulled a 180 out . . ."

- 6 -

Case No. 1:18-cv-01289
GWIN, J.

only one person in truck,[40] and that Petitioner exited the truck from the driver's position after

it crashed.[41]

In his traverse and objection, Petitioner does not meaningfully contend that the jury's

determination was irrational.  Instead, he argues there was a lack of direct evidence that he

was the driver and that the police failed to search the entire bar for a second driver.[42]

Essentially, Petitioner is asking the Court to "reweigh the evidence, re-evaluate the credibility

of witnesses, [and] substitute [its] judgment for that of the jury."[43]  The Court may not do so.

Moreover, the Court cannot say that the state appellate court's determination was

unreasonable.  The Eighth District Court of Appeals identified the proper standard and

applied that it thoughtfully.[44]

Accordingly, this claim fails.

**B.  Ground Two Fails Because Petitioner Has Not Met His Burden on the Ineffective-Assistance-of-Counsel Claim He Raised in State Court and His Other Ineffective-Assistance Claims Are Procedurally Defaulted or Not Properly Before the Court.**

In his *pro se* habeas petition, Pawlak claims that his trial counsel was ineffective

because (1) counsel failed to move to suppress evidence obtained during Petitioner's

---

[40] Doc. 7-5 at 836. (Trial Testimony of Andrew Kehl)
"Q:  Okay.  And during the interaction that you had initially with the white truck, did you see any occupants of the truck?
A:  Yes, I saw one occupant.
Q:  Where was that occupant stationed?
A:  In the driver's seat."
[41] Doc. 7-6 at 1018–20 (Trial Testimony of Nathan Fox)
A:  ". . . I saw at that point the driver was trying to exit from the front cab into the rear, from the broken glass window into the rear part of the bed of the truck.  That's when I drew down on him myself, and Officer Kehl ordered him to show his hands, went down, escorted him to the ground. . . We handcuffed him, secured him, and then Officer Kehl and other officer took custody of him while I began to check the perimeter of the building."
[42] Doc. 17 at 7–12; Doc. 19 at 9–13.
[43] *Brown*, 567 F.3d at 205.
[44] Doc. 7-1 at 101–105.

Case No. 1:18-cv-01289
GWIN, J.

videotaped police interview, and (2) counsel failed to request the government turn over potentially exculpatory fingerprint, DNA, and blood evidence.[45]

In his traverse, Petitioner, through counsel, further asserts that trial counsel was ineffective because counsel spent too much on cross-examination attempting to blame law enforcement for the crash.[46] Also, Petitioner claims his appellate counsel was ineffective on his direct appeal because he did not claim ineffective assistance of trial counsel from some failure to obtain the potentially exculpatory forensic from the state.[47] These claims are not properly before the Court,[48] but even if they were, they are procedurally defaulted.

### 1. Ineffective-Assistance-of-Counsel Claim Raised in State Court

On federal habeas review of an ineffective-assistance-of-counsel claim that a state court addressed on the merits, the sole inquiry is "whether the state court's application of the *Strickland*[49] standard was unreasonable."[50]

On his direct appeal, Petitioner argued that his trial court was ineffective because he failed to move to suppress evidence obtained during Petitioner's videotaped police interview.[51] But the Ohio Eighth District Court of Appeals disagreed.[52] Applying the proper *Strickland* standard, it found that Petitioner's trial counsel's failure to move to suppress did not prejudice Petitioner. After reviewing the record, it concluded that Petitioner could not

---

[45] Doc. 1.
[46] Doc. 17.
[47] Doc. 17.
[48] A claim that is first raised in a traverse, rather than the habeas petition, is not properly before the court. *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (citing *U.S. v. Barrett*, 178 F.3d 34, 46 n. 6 (1st Cir. 1999); *Jackson v. Duckworth*, 112. F.3d 878, 880 (7th Cir. 1997); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994)).
[49] Strickland v. Washington, 466 U.S. 668 (1984).
[50] *Harrington v. Richter*, 562 U.S. 86, 101 (2011).
[51] Doc. 7-1 at 57–58.
[52] *Id.* at 112–14.

Case No. 1:18-cv-01289
GWIN, J.

establish that the outcome of the trial would have been different had his counsel moved to suppress.[53]

This Court is not persuaded that the state appellate court's finding was unreasonable. In his traverse and objection, Petitioner does not attempt to argue as much. Instead, he asserts that "this Court may find that Petitioner's trial counsel failed to render effective assistance, and that Petitioner suffered prejudice as a result."[54] But this Court is not permitted to conduct a *de novo* Strickland review.

Accordingly, this claim fails.

### 2. Procedurally Defaulted Ineffective-Assistance-of-Counsel Claims

Petitioner's claims that (1) his trial counsel was ineffective because counsel failed to request the government turn over potentially exculpatory forensic evidence, and (2) his trial counsel was ineffective because of counsel's cross-examination strategy are procedurally defaulted. Petitioner could have raised these claims on his direct appeal, but failed to do so.[55]

In addition, Petitioner cannot show cause for the defaults. Petitioner claims that his appellate counsel was ineffective for failing to raise the exculpatory evidence issue before the Eighth District Court of Appeals.[56] But ineffective assistance of appellate counsel cannot constitute cause in this case because Petitioner's ineffective-assistance-of-appellate-counsel claim is, itself, procedurally defaulted. Petitioner did not apply to reopen his direct appeal within the applicable deadline.[57]

---

[53] *Id.*
[54] Doc. 17 at 13. Doc. 19 at 14–15.
[55] Doc. 17 at 13–17; Doc. 7-1 at 57–58.
[56] *Id.* at 16.
[57] Ohio App. R. 26.

Case No. 1:18-cv-01289
GWIN, J.

Accordingly, this claim fails.

### C.  Ground Three Fails Because It Is Procedurally Defaulted.

Petitioner claims the trial court violated his rights under the U.S. Constitution when it sentenced him to consecutive terms on the aggravated vehicular assault counts.[58]  In his direct appeal, Petitioner makes only an Ohio law challenge.[59]  He did not raise any claims under the federal constitution.  Therefore, Petitioner's claim that his sentence violated the U.S. Constitution is procedurally defaulted.

In his traverse, Petitioner attempts to stylize Ground 3 as an ineffective-assistance-of-counsel claim.[60]  Though, he does not articulate how trial counsel was ineffective.  In any event, Petitioner did not rise any claim that his trial counsel was ineffective related to sentencing in his direct appeal, so such a claim would also be procedurally defaulted.

Accordingly, this claim fails.

### D.  Ground Four Fails Because It Is Procedurally Defaulted.

Petitioner claims the State of Ohio violated his rights under the U.S. Constitution when it withheld the potentially exculpatory forensic evidence.[61]  Despite being aware of the issue at trial, Petitioner failed to raise it in his direct appeal.[62]  Therefore, Petitioner's claim that the state withheld the potentially exculpatory evidence is procedurally defaulted.

Likewise, any claim that Petitioner's appellate counsel was ineffective for failing to raise the issue on his direct appeal is also procedurally defaulted.

---

[58] Doc. 1; Doc. 17 at 17–19.
[59] Doc. 7-1 at 59–62.
[60] Doc. 17 at 15–16.
[61] Doc. 1; Doc. 17 at 16–18; Doc. 7-1 at 43–62.
[62] *Id.* at 17.

- 10 -

Case No. 1:18-cv-01289
GWIN, J.

Moreover, Petitioner has not established that a fundamental miscarriage of justice will occur if the Court does not address this claim on the merits. As Magistrate Judge Burke points out, even if the forensic samples do not match Petitioner, that does not prove Petitioner was not the driver.[63]

Accordingly, this claim fails.

## IV.    Conclusion

For the foregoing reasons, the Court **OVERRULES** Pawlak's objections, **ADOPTS** the Report and Recommendation, and **DENIES** Pawlak's petition for a writ of habeas corpus. The Court certified that no basis exists upon which to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: February 26, 2021                    *s/      James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[63] Doc. 18 at 28.